UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Lucky Egg Limited<br><br>    Plaintiff,<br><br>v.<br><br>The Individuals, Business Entities, And Unincorporated Associations Identified on Exhibit 1<br><br>    Defendants | Civil Action No. 4-25-cv-1174<br>Judge Mazzant |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff, Lucky Egg Limited, having filed its complaint for trademark infringement and counterfeiting under 15 U.S.C. § 1114 and copyright infringement under 17 U.S.C. § 501, and having moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the Court having considered the complaint, declarations, exhibits, memoranda of law, and Plaintiff's arguments at the hearing held on November 24, 2025, finds as follows:

1. This Court has subject matter jurisdiction over the subject matter of this case and has jurisdiction over the parties;

2. There is good cause to believe that the Defendants identified in Exhibit 1 of the Complaint, have engaged in, and are likely to continue to engage in, acts and practices that infringe Plaintiff's trademark and copyrights.

3. Plaintiff has shown a substantial likelihood of success on the merits; that it is likely to suffer irreparable harm if this order is not granted; that the probable harm to the Plaintiff,

1

    if relief is not granted, outweighs the likely hardship that may result to the Defendants from this order; and that this order is not adverse to the public interest.

4. There is good cause to believe that immediate and irreparable injury will occur to the Plaintiff from the sale, transfer, or other disposition or concealment by Defendants of their assets and business records unless Defendants are immediately restrained and enjoined by order of this Court.

5. There is good cause for issuing this Order pursuant to Federal Rule of Civil Procedure 65(a).

6. Exercising its discretion pursuant to *Corrigan Dispatch Co. v. Casa Guzman, S. A.*, 569 F.2d 300, 302–03 (5th Cir. 1978), this Court finds that Plaintiff's proper security amount required under Fed. R. Civ. P. 65 is **$0**.

**It is therefore Ordered:**

**1.** Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be preliminarily enjoined and restrained from:

    a. using, reproducing, displaying, or enabling others to use, reproduce, or display products and advertisements bearing the trademark found at USPTO Trademark Registration No. 7868153 for the GRAB THE MIC standard character mark (the "Registered Mark"); or using the copyrighted materials protected by U.S. Copyright Registration No. VA 2-444-426 for the "GTM-01" photograph, U.S. Copyright Registration No. VA 2-444-461 for the "GTM-02" photograph, U.S. Copyright Registration No. VA 2-444-462 for the "GTM-03" photograph, U.S. Copyright Registration No. VA 2-444-616 for the "GTM-04" photograph, U.S. Copyright Registration No. VA 2-444-620 for

  the "GTM-05" photograph, U.S. Copyright Registration No. VA 2-444-622 for the "GTM-06" photograph, U.S. Copyright Registration No. VA 2-446-326 for the "GTM-07" photograph, U.S. Copyright Registration No. PA 2-537-903 for the "GTM-Video-1" video, U.S. Copyright Registration No. PA 2-537-910 for the "GTM-Video-2" video, U.S. Copyright Registration No. PA 2-537-918 for the "GTM-Video-3" video, U.S. Copyright Registration No. PA 2-537-920 for the "GTM-Video-4" video, and U.S. Copyright Registration No. VA 2-430-422 for the "GRAB THE MIC" artwork (collectively, the "Registered Copyrights," and together with the Registered Mark, the "Registrations")—all of which appear in Exhibit 3 of Plaintiff's Original Complaint;

 b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Fruugo, Etsy, Joom, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, and Western Union;

 c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of Plaintiff's Registrations; and

 d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

**2.** Each Defendant, within 14 days after receiving notice of this Order, shall serve on Plaintiff a written report under oath providing: (a) their true name and physical address; (b) all websites and online marketplace accounts on any platform that they own and/or operate; (c) all of their associated financial accounts, **including but not limited to** all Alibaba, AliExpress, Amazon,

Bonanza, CJDropshipping, DHgate, eBay, Fruugo, Etsy, Joom, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, etc. accounts; (d) the quantity of products that they have sold using Plaintiff's Registrations ("Infringing Products"); (e) the location to where each Infringing Product was shipped; and (f) the steps taken by each Defendant to comply with paragraphs 1(a)–(d) above.

**3.** Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks, or other assets of Defendants until further ordered by this Court.

**4.** All banks, savings and loan associations, payment processors or other financial institutions, including without limitation, Alibaba, AliExpress, Amazon, Bonanza, CJDropshipping, DHgate, eBay, Fruugo, Etsy, Joom, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, etc. or other merchant account provider, payment provider, third party processor, credit card association (i.e. MasterCard and VISA) that receive payments or hold assets on Defendants' behalf, as well as any third party service providers, including without limitation, ISPs, back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries or online third-party sellers who have provided services for Defendants (all of the foregoing being the "Third Party Providers"), and each of the Third-Party Providers' affiliates, are ordered to, within 2 business days of receipt of this Order, locate all accounts and funds connected to the Defendants identified in Exhibit 1 of Plaintiff's Original Complaint, and block all money transfers and funds from being transferred by such Defendants until further ordered by this Court.

**5.** This Order shall apply to the Infringing Webstores, websites, and any other domain names properly brought to this Court's attention and verified by sworn declaration that verifies such new

webstores or domain names are being used by Defendants for the purpose of infringing Plaintiff's Registrations.

**SO ORDERED.**

**SIGNED this 24th day of November, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

5