UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LUCKY EGG LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, & UNINCORPORATED ASSOCIATION IDENTIFIED ON EXHIBIT 1,<br><br>Defendants. | Civil Action No. 4:25-cv-1174 |

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Lucky Egg Limited ("Plaintiff") initiated the above-styled lawsuit on October 24, 2025 (Dkt. 1) against the Defendants listed in Exhibit 1 to the Complaint ("Defendants"), seeking relief against Defendants for trademark infringement and counterfeiting under 15 U.S.C. § 1114 an copyright infringement under 17 U.S.C. § 501, through Defendants' promotion, advertising, marketing, distribution, offering for sale, and sale of products that infringe on Plaintiff's intellectual property rights ("Infringing Products") via online stores (the "Infringing Webstores") on various e-commerce platforms, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Fruugo, Shein, Shopify, Temu, and Walmart (the "Marketplaces"). Plaintiff sought discovery from the Marketplaces immediately upon issuance of the TRO (Dkt. 13, the "TRO") in an attempt to properly identify each of the Defendants, and Plaintiff thereafter incorporated the information provided by the Marketplaces into its requested summonses—all of these summonses were issued by the Clerk for service on Defendants. Dkt. 12. The Court issued a preliminary injunction on November 24, 2025 (Dkt. 22, the "PI")—extending the relief ordered in the TRO.

1

Plaintiff also filed its Motion for Alternative Service of Process on October 24, 2025. Dkt. 8. Exercising its authority under Federal Rule of Civil Procedure 4(f)(3), the Court granted Plaintiff's Motion for Alternative Service of Process on October 28, 2025. Dkt. 10. Plaintiff thereafter served each of the Defaulting Defendants on November 10, 2025 via email pursuant to the Court's order. Dkt. 20. None of the Defaulting Defendants filed a responsive pleading, the Clerk entered default against the Defaulting Defendants on December 8, 2025. Dkt. 24. Plaintiff, thereafter, filed its Motion for Default Judgment and Permanent Injunction against the Defendants who had not yet been dismissed from the case (the "Defaulting Defendants") on December 8, 2025. Dkt. 26. Given that Plaintiff properly completed service of process on the Defaulting Defendants, such notice being reasonably calculated under all circumstances to apprise the Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections, and given that the Defaulting Defendants failed to answer the Complaint or otherwise plead:

**THIS COURT HEREBY FINDS** that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities toward consumers in the United States, including Texas. Specifically, the Defaulting Defendants reach out to do business with Texas residents by operating one or more commercial, interactive Infringing Webstores through which Texas residents can view and purchase the Infringing Products, all without Plaintiff's permission or consent.

**THIS COURT FURTHER FINDS** that U.S. Trademark Registration No. 7868153 for the GRAB THE MIC standard character mark (the "Registered Mark") is a valid trademark registration owned solely by Plaintiff.

**THIS COURT FURTHER FINDS** that U.S. Copyright Registration No. VA 2-444-426 for the "GTM-01" photograph, U.S. Copyright Registration No. VA 2-444-461 for the "GTM-02" photograph, U.S. Copyright Registration No. VA 2-444-462 for the "GTM-03" photograph, U.S. Copyright Registration No. VA 2-444-616 for the "GTM-04" photograph, U.S. Copyright Registration No. VA 2-444-620 for the "GTM-05" photograph, U.S. Copyright Registration No. VA 2-444-622 for the "GTM-06" photograph, U.S. Copyright Registration No. VA 2-446-326 for the "GTM-07" photograph, U.S. Copyright Registration No. PA 2-537-903 for the "GTM-Video-1" video, U.S. Copyright Registration No. PA 2-537-910 for the "GTM-Video-2" video, U.S. Copyright Registration No. PA 2-537-918 for the "GTM-Video-3" video, U.S. Copyright Registration No. PA 2-537-920 for the "GTM-Video-4" video, and U.S. Copyright Registration No. VA 2-430-422 for the "GRAB THE MIC" artwork (collectively, the "Registered Copyrights") are valid copyright registrations owned solely by Plaintiff.

**THIS COURT FURTHER FINDS** that the Defaulting Defendants are liable for willful copyright infringement under 17 U.S.C. § 501 and willful trademark infringement and counterfeiting under 15 U.S.C. § 1114.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment and Permanent Injunction is **GRANTED** in its entirety, that the Defaulting Defendants are deemed in default, and that this Final Judgment is entered against the Defaulting Defendants.

**IT IS FURTHER ORDERED** that:

1.      Defendants, their successors, affiliates, servants, officers, agents, independent contractors, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of the foregoing, be permanently enjoined and restrained from:

    a. using, reproducing, displaying, or enabling others to use, reproduce, or display products and advertisements bearing the Registered Mark; or using the Registered Copyrights;

    b. moving, relocating, or otherwise disposing of any funds currently located in Defendants' online accounts, including, without limitation, from Alibaba, AliExpress, Amazon, DHGate, eBay, Fruugo, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, and Western Union;

    c. removing, destroying, or otherwise disposing of computer files, electronic files, business records, or documents relating to any of Defendants' webstores, websites, assets, operations, or relating in any way to the reproduction and display of Plaintiff's Registered Mark or Registered Copyrights; and

    d. engaging in any other activity that infringes on Plaintiff's rights in any manner.

**2.** All images, copies, or derivative works displaying or utilizing the subjects of Plaintiff's Registered Copyrights in the Defaulting Defendants' reasonable control be deleted or destroyed pursuant to 17 U.S.C. § 503(b).

**3.** Defaulting Defendants, within ten days after service of this Order, file with the Court and serve on Plaintiff a written report under oath setting forth in detail the manner in which the Defaulting Defendants have complied with any and all injunctive relief ordered by this Court.

**4.** Those in privity with Defaulting Defendants and with actual notice of this Order, including ecommerce platform providers, such as Alibaba, AliExpress, Amazon, DHGate, eBay, Fruugo, Shein, Shopify, Temu, Walmart, Wish, Alipay, PayPal, Stripe, Payoneer, WorldFirst, Western Union, etc., will within 3 business days of receipt of this Order:

    a. Take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts through which the Defaulting Defendants, in the past, currently, or

in the future, engage in the sale of products using the Infringing Products, including, but not limited to, any accounts associated with the Defaulting Defendants listed on the attached "Exhibit 1;" and

b. take all necessary steps to prevent any Defaulting Defendant from accessing or withdrawing funds from any accounts linked to the Defaulting Defendants, linked to any email addresses used by the Defaulting Defendants, or linked to any of the Infringing Webstores.

5. Plaintiff is awarded its full costs and attorney's fees against the Defaulting Defendants pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117.

6. Pursuant to 17 U.S.C. § 504(c)(2) and 15 U.S.C. § 1117(c)(1), Plaintiff is also awarded statutory damages from each of the Defaulting Defendants in the amount of Three Hundred and Fifty Thousand Dollars (U.S.) and No Cents ($350,000.00). As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of costs, attorney's fees, and statutory damages against it:

a. Alibaba, AliExpress, Amazon, DHGate, eBay, Fruugo, Shein, Shopify, Temu, and Walmart (collectively the "Platforms") and PayPal, Payoneer, Stripe, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union, or other bank accounts or payment processors used by the Defaulting Defendants (collectively the "Payment Processors") will, within 2 business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Defaulting Defendants and the Defaulting Defendants' Infringing Webstores identified in the attached "Exhibit 1" from transferring or disposing of any money or other of the Defaulting Defendants' assets.

b. All monies in Defaulting Defendants' financial accounts as of the date of this Order, including monies held by the Platforms and the Payment Processors, are hereby released to

      Plaintiff as partial payment of the above-identified damages, and are ordered to release to Plaintiff the amounts from the Defaulting Defendants' Platform or Payment Processor accounts within 10 business days of receipt of this Order.

  c. Plaintiff will have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors will within 2 business days:

      i. Locate all accounts and funds connected to the Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached "Exhibit 1," and any email addresses provided for the Defaulting Defendants by any third parties;

      ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of the Defaulting Defendants' assets; and

      iii. Release all monies restrained in the Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

**7.** Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff will have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by the Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers will within 2 business days:

    a. Locate all accounts and funds connected to Defaulting Defendants, the Defaulting Defendants' Infringing Webstores, including, but not limited to, any accounts connected to the information listed in the attached "Exhibit 1," and any email addresses provided for the Defaulting Defendants by any third parties;

    b. Restrain and enjoin such accounts or funds from receiving, transferring, or disposing of any money or other of the Defaulting Defendants' assets; and

    c. Release all monies restrained in the Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within 10 business days of receipt of this Order.

**8.** In the event that Plaintiff identifies any additional webstores, websites, domain names, or financial accounts owned by the Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to the Defaulting Defendants by email at the email addresses identified in the attached "Exhibit 1" and any email addresses provided for the Defaulting Defendants by any third parties.

    **SO ORDERED.**