UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LUCKY EGG LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, & UNINCORPORATED ASSOCIATION IDENTIFIED ON EXHIBIT 1,<br><br>　　　　Defendants. | Civil Action No. 4:25-cv-1174 |

# ORDER GRANTING ATTORNEY'S FEES

Lucky Egg Limited ("Plaintiff") concurrently filed its Motion for Default Judgment and Permanent Injunction with its Motion for Attorney's Fees on December 8, 2025. Plaintiff has also provided this Court with its bill of costs and full accounting of attorneys' fees incurred to-date, and has established why its actual attorney's fees are reasonable and necessary under a lodestar analysis.

In the present motion, Plaintiff asks this Court to award $18,632.50 in attorney's fees and $3,600.01 in costs Plaintiff incurred to pursue its claims in this lawsuit. Plaintiff's attorney, Charles A. Wallace, submitted an affidavit and a copy of invoices for this case, which provide a detailed description of hours and work performed. Wallace attests that Plaintiff agreed to compensate Scale LLP at an hourly rate of up to $900 for Partners, up to $750 for Counsel, up to $550 for Associates, and up to $300 for Paralegals. Wallace Declaration ¶ 5. Wallace is the only attorney who worked on this case, and his hourly rate billed was $725. Wallace's rate of $725 per hour is in line with prevailing rates for copyright infringement practitioners of reasonably comparable skill,

1

experience, and reputation, as shown in the below graph taken from the American Intellectual Property Law Association *2023 Report of the Economic Survey:*



Wallace's declaration demonstrates that he has seven years of experience in litigation, and 25.7 hours of work were completed in this case at the hourly rate of $725. Wallace Declaration ¶¶ 4, 6. This case has encompassed efforts on a TRO and a preliminary injunction, both of which were resolved in the Plaintiff's favor, as well as varied settlement discussions with multiple defendants, communications with marketplaces hosting the infringing webstores, and other related work. This Court finds that the submitted time records are adequately detailed and that the work performed in this case is reasonable. In addition, the below graph taken from the American Intellectual Property Law Association *2023 Report of the Economic Survey* shows that the median litigation costs of a

trademark infringement suit in 2022 through trial in cases with less than $1 million as risk, were $250,000.

| MEDIAN LITIGATION COSTS (CONTINUED) | 2014 | 2016 | 2018 | 2020 | 2022 |
|---|---|---|---|---|---|
| **TRADEMARK INFRINGEMENT** | | | | | |
| **LESS THAN $1 MILLION AT RISK** | | | | | |
| Initial case management | N/A | $15 | $15 | $17 | $15 |
| Inclusive of discovery, motions, and claim construction | $150 | $150 | $150 | $150 | $150 |
| Inclusive of pre and post-trial, and appeal when applicable | $325 | $300 | $275 | $325 | $250 |
| Cost if dispute was resolved through mediation | $50 | $20 | $23 | $25 | $55 |

AIPLA Report of the Economic Survey 2023

Accordingly, based on the hourly rate applied and the number of hours worked, the lodestar amount is calculated at $18,632.50, which is well below the median litigation cost in a typical infringement case. After considering the *Johnson* factors, this Court does not find cause to adjust the lodestar total.

For these reasons, **IT IS ORDERED** that Plaintiff's request for an award of attorney's fees in the amount of $18,632.50 against the Defaulting Defendants, jointly and severally; as well as Plaintiff's request for an award of costs Plaintiff incurred to pursue its claims in this lawsuit in the amount of $3,600.01 against the Defaulting Defendants, jointly and severally is **GRANTED**.